## SMITH v. MASSACHUSETTS MUT. LIFE INS. CO.

### No. 12128.

Circuit Court of Appeals, Fifth Circuit.
May 4, 1948.

Rehearing Denied June 4, 1948.

James A. Simpson, of Birmingham, Ala., for appellant.

H. H. Grooms, of Birmingham, Ala., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

The situation, as shown by the record, is this. Appellant, Mrs. Selene R. Smith, is beneficiary in two policies of life insurance on the life of her husband for $5,000 each issued in 1934 by the appellee Massachusetts Mutual Life Insurance Company. Each contains a provision that if the death of the insured shall result directly or indirectly from operating or being in or on or riding in any kind of aircraft, whether as a passenger or otherwise, the amount payable shall be limited to the reserve less any indebtedness. The reserve on each is a little over $700. On January 23, 1943, Smith, being in the Army, started with others on an airplane trip in the line of duty from Puerto Rico to Waller Field on the island of Trinidad and the plane disappeared, and neither it nor anyone on it has been heard from since. The War

Department reported to Mrs. Smith that her husband was missing, then that he was dead; but the latter report was withdrawn on the ground that there were small islands in the line of flight and death was not proven, and the report of missing was renewed. At the end of a year, there still being no news, the War Department declared him "presumed dead" for purposes of terminating pay and allowances, and settling accounts and death gratuities. Mrs. Smith probated her husband's will and qualified as executrix, and made claim against another insurance company stating the facts as above. The appellee tendered her a settlement on the basis of the reserves on its policies, but she refused it and elected to continue the policies by charging the premiums against the surrender values as provided in the policies, which would automatically carry them beyond seven years from her husband's disappearance, she hoping that he would reappear, or that it would turn out that he had not died from riding in an aircraft. A statute of Alabama, however, passed July 7, 1945, Gen.Acts 1945, p. 499, Code 1940, Tit. 7, § 386(1), declares that a written communication from the War Department that a person in the armed forces "is dead shall be prima facie evidence of the death of such person". Relying on this statute and the circumstances above detailed, the appellee brought this suit against Mrs. Smith in Alabama for a declaratory judgment that its policies have matured and that the tendered sums are all that is due on them. She moved to dismiss the suit as not stating a claim on which relief can be granted, which was overruled. By answer she denied that there was any present controversy, or any occasion now to declare the rights and relations of the parties; that she did not yet know whether her husband is living or dead, or if dead what caused his death, and for want of information she denied the allegations thereabout; she denied the plaintiff's right to a declaratory judgment and prayed a dismissal of the complaint. The case was tried with the assistance of a jury which answered interrogatories, and on them the judge made a judgment for the insurance company. Mrs. Smith appeals.

Seven years have not yet passed since the disappearance of the insured. The Alabama statute does not apply, for the communication from the War Department that Smith was dead was by it withdrawn and substituted by one that he was missing, before the statute was passed. The final communication that after a year he is "presumed dead" for certain purposes is not a communication that he "is dead". The War Department does not know he is dead and has not said so as a determined fact. The conduct of Mrs. Smith in taking out administration and making a claim against the other insurance company is a sort of admission but it is not an estoppel; and when it is made fully to appear that she does not know the fact the admission loses all weight as evidence in this case with a third party. The judge erred in directing the jury to find that Smith is dead.

But we will not reverse the case for a new trial, because we think Mrs. Smith's contention that it is premature, and does not present a situation where a declaratory judgment is called for ought to be sustained. The declaratory judgment is here sought quia timet. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest. (Citing cases.) It is always the duty of a court of equity to strike a proper balance between the needs of the plaintiff and the consequences of giving the desired relief". Eccles v. Peoples Bank, 68 S.Ct. 641, 644. The appellee puts forward, as the reasons why it should be given a declaratory judgment now, that Mrs. Smith is tendering the indebtedness against the policies and if the tender is accepted the reserves will automatically carry the premiums till February, 1950, more than seven years from the insured's death (meaning his disappearance), and if said payment is accepted, or if any premiums are accepted, it will likely estop it to claim the aircraft provision, to its irreparable damage. By amendment it was further alleged that appellee might lose its evidence or its witnesses might disappear. None of these fears are weighty. Surely the acceptance without conditions

of a debt due on the policy would not prejudice the Company. It is entitled to this payment in any event. It need not accept premiums if it fears an estoppel therefrom. None are now offered or need be till after the seven years. The policies will simply be in suspense, as life policies normally are till death is established. The trial has demonstrated that the Company has no evidence save the War Department records, and no oral testimony of importance. This testimony is now preserved by this trial should these witnesses die. On Mrs. Smith's side, she may acquire important evidence. Her husband is not yet known to be dead nor so presumed by any law binding on her. She may learn that her husband, if dead, did not die by reason of the airplane trip, but survived it and died from other causes. She ought not to be hurried into a res judicata now, when it is known she cannot answer the circumstances which do –indicate death from riding in an airplane, but not at all conclusively. We are of opinion that on a just balance of inconveniences there is no need now for a declaratory judgment, and that the complaint should be dismissed without prejudice, at the cost of appellee.

It is so ordered.

### On Motion for Rehearing.

### PER CURIAM.

The motion for a rehearing urges that we have overlooked or misunderstood the final written communications from the War Department about the death of the insured. The record shows that on March 12, 1944, the War Department Dependency Board, after the status of the insured as missing had continued for twelve months, reviewed the circumstances as required by Public Law 490, amended by Public Law 848, of the 77th Congress, 50 U.S.C.A.Appendix, § 1001 et seq., and made the finding quoted in full in the margin.[1] On March 25th, 1944, the Adjutant General wrote Mrs. Smith with reference thereto, citing the above statutes as requiring a review and determination of status of each person who has been missing for twelve months: "Accordingly, all information concerning the absence of your husband has been carefully reviewed as of Jany. 25, 1944, and in view of the fact that no evidence has been received to support a continued presumption of survival, the War Department *must terminate such absence by a presumptive finding of death.* Therefore an official finding of death has been recorded under the provisions of Public Law 490, as amended. The finding *does not establish an actual or probable date of death;* however as required by law, it includes *a presumptive date of death for the termination of pay and allowances, settlement of accounts, and payment of death gratuities.* In the case of your husband this date has been set as January 25, 1944, the day following the expiration of twelve months absence. The interested government agencies are being advised * * *." (Emphasis added.) We have considered Public Law 490, 56 Stat. 143, as amended by Public Law 848, 56 Stat. 1092, which deals with pay and allowances to missing persons belonging to the army and other public services and limits the same to twelve months from the beginning of absence, unless there is information of continued life. We think the Adjutant General correctly stated the purpose and effect of the finding based on absence of information for twelve months, designating it as a

---

[1]      "War Department,
           Washington, D. C.

Pursuant to section 3 of the Act of March 7, 1942, (Public Law 490-77 Cong.), as amended, and following a full review of all available information, upon direction and delegation by the Secretary of War, the War Department Dependency Board as of the 25th day of January, 1944, finds Colonel Walter S. Smith, 0-183664 to be dead.

He was missing from the 24th day of January, 1943, as a result of the disappearance of an airplane, on which he was a passenger, on a flight from Borinquen Field, Puerto Rico to Waller Field, Trinidad. An erroneous Report of Death as of 24 January 1943 has been revoked.

Date of previous reviews: None.

In compliance with said section 5 of the Act of March 7, 1942, as amended, death is presumed to have occurred on the 25th day of January, 1944.

For the War Department Dependence Board:

           J. L. BENEDICT
                 Major General, U. S. Army,
                 President War Department
(Seal)      · Dependency Board."

presumption of death for these fiscal purposes only. That it is not the ascertainment of *actual death* which is often made is apparent not only from the body of the War Department Dependency Board's certificate, but also from the notation at its foot: "This certificate issued 18 May, 1944, *in lieu of death certificate,* to Claim Division Massachusetts Mutual Life Insur. Co., Springfield, Mass.", appearing on the copy sent to appellee on that date and again on the copy issued on 9 August, 1944. This certificate of death presumed for fiscal administrative purposes is not, we think, a certificate that the insured is dead within the meaning of the Alabama statute.

Motion for rehearing denied.